**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| MICHELLE TURNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

The Plaintiff MICHELLE TURNEY (hereinafter referred to as "TURNEY") and for her complaint against the Defendant CITY OF CHICAGO (hereinafter referred to as "CITY") states:

**COUNT I
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. § 12101 ET. SEQ.**

1. This is an action brought for damages sustained by TURNEY by reason of the CITY's violation of her civil rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

2. At all times relevant hereto, TURNEY was a resident of Chicago, Illinois and of the Northern District of Illinois.

3. At all times relevant hereto, the CITY was and is a municipal corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 121 N. LaSalle Street, Chicago, Illinois 60602.

1

4. At all times relevant hereto, the CITY was an "employer" within the meaning of the Americans with Disabilities Act.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this district.

7. On or about November 4, 1996, TURNEY was hired by the CITY to the position of patrolman for the Chicago Police Department.

8. On or about May 8, 2013, TURNEY was injured on duty and was rendered unable to perform her duties.

9. On November 25, 2014, TURNEY was approved by the CITY for full disability benefits.

10. TURNEY was voted to be at maximum medical improvement which meant that she would never recover from her disability.

11. At all times relevant hereto, the CITY knew that TURNEY was disabled by virtue of the incident that occurred on May 8, 2013.

12. At all times relevant hereto, it was the policy of the CITY not to discriminate against any employee on the basis of his or her disability.

13. Nevertheless, the CITY discriminated against TURNEY because of her disability by subjecting her to Independent Medical Examinations (hereinafter referred to as "IME") while other employees with disabilities did not have to submit themselves to those types of IMEs.

14. In June, 2016, Dr. Orris recommended that TURNEY submit to another board hearing in October, 2016 to prove her disability. At that time, Dr. Orris told TURKEY she was too young to be on disability.

15. In October, 2016, a hearing was conducted by the CITY in which TURNEY was ordered to submit to another IME with one of the CITY's contracted doctors concerning TURNEY's medical needs and to see if she was still disabled.

16. In or about February, 2017, Dr. Orris and Michael Lappe issued an order for TURNEY to return back to work even though she was wearing a medical device on her shooting hand and was ingesting medicinal cannabis which are both disqualifications to be a Chicago police officer.

17. In April, 2017, TURNEY went to the Chicago Police Department shooting range, but was refused entry due to the medical device that she was wearing.

18. In July, 2017, the Chicago Police Department would not rehire TURNEY because of her disability and she had to have another Pension Board hearing to be awarded disability benefits.

19. At this hearing, Mr. Lappe voted against reinstating TURNEY's benefits on the claimed basis that TURNEY was not disabled. After this hearing, Mr. Lappe threatened TURNEY with another hearing after her benefits were reinstated.

20. In March, 2018, Dr. Orris submitted a detailed examination of TURNEY even though he never examined her.

21. Moreover, Dr. Orris threatened her that the shooting range would be calling her to shoot again.

22. In June, 2019, Dr. Orris told TURNEY that she was too young to be on disability.

23. TURNEY was subpoenaed for another hearing a little over a month later in which Dr. Orris indicated on her IME report that she was under no stress even though he never examined her and could not provide any detailed examination results.

24. TURNEY advised Dr. Orris that she could not handle another hearing because of the stress that it inflicted on her.

25. In August, 2019, TURNEY was subpoenaed for a fifth hearing which commenced on August 28, 2019.

26. At that hearing, TURNEY testified as to the false examination submitted to the Board by Dr. Orris.

27. In January, 2020, TURNEY received a letter stating that she must attend another IME.

28. On or about February 17, 2020, TURNEY went in for that IME.

29. Dr. Vender, who conducted the IME, indicated to TURNEY that she was in severe emotional distress and disabled.

30. The CITY's constant subjecting of TURNEY to IMEs was done with the intent that TURNEY would retire from the Chicago Police Department when it knew that TURNEY had no intent to retire.

31. The CITY has, therefore, violated the Americans with Disabilities Act by discriminating against TURNEY because of her disability.

32. On or about December 26, 2019, TURNEY filed a charge of discrimination with the Equal Employment Opportunity Commission.

33. On May 11, 2021, the Equal Employment Opportunity Commission issued TURNEY a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

34. Less than ninety days have expired since TURNEY's receipt of the notice of right to sue.

35. The CITY's violation of TURNEY's rights under the Americans with Disability Act has caused her pecuniary damages.

WHEREFORE, the Plaintiff MICHELLE TURNEY requests that this Court enter judgment in her favor and against the Defendant CITY OF CHICAGO as follows:

i. Enjoining the CITY from engaging in such unlawful employment practices as alleged in this amended complaint.

ii. Awarding TURNEY compensatory damages in an amount authorized under the Americans with Disabilities Act.

iii. Awarding TURNEY attorney's fees and pre-judgment interest.

iv. Awarding TURNEY such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

        Respectfully submitted,

        /s/ Joel F. Handler
        Joel F. Handler (#1115812)
        One E. Wacker Drive, Suite 510
        Chicago, Illinois 60601
        (312) 832-0008
        jhandler@handlerlawgroup.com
        Attorney for the Plaintiff,
        MICHELLE TURNEY