**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| MICHELLE TURNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-04205 |
| | ) | |
| CITY OF CHICAGO, | ) | Honorable Robert W. Gettleman |
| | ) | |
| Defendant. | ) | Magistrate Judge Jeffrey Cole |

**AMENDED COMPLAINT**

The Plaintiff MICHELLE TURNEY (hereinafter referred to as "TURNEY") and for her amended complaint against the Defendant CITY OF CHICAGO (hereinafter referred to as "CITY") states:

**COUNT I
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. § 12101 ET. SEQ.**

1. This is an action brought for damages sustained by TURNEY by reason of the CITY's violation of her civil rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

2. At all times relevant hereto, TURNEY was a resident of Chicago, Illinois and of the Northern District of Illinois.

3. At all times relevant hereto, the CITY was and is a municipal corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 121 N. LaSalle Street, Chicago, Illinois 60602.

1

4. At all times relevant hereto, the CITY was an "employer" within the meaning of the Americans with Disabilities Act.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this district.

7. On or about November 4, 1996, TURNEY was hired by the CITY to the position of patrolman for the Chicago Police Department.

8. On or about May 8, 2013, TURNEY was injured on duty and was rendered unable to perform her duties.

9. On November 25, 2014, TURNEY was approved by the CITY for full disability benefits.

10. TURNEY was voted to be at maximum medical improvement which meant that she would never recover from her disability.

11. At all times relevant hereto, the CITY knew that TURNEY was disabled by virtue of the incident that occurred on May 8, 2013.

12. At all times relevant hereto, it was the policy of the CITY not to discriminate against any employee on the basis of his or her disability.

13. Nevertheless, the CITY discriminated against TURNEY because of her disability by subjecting her to repeated Independent Special Medical Examinations (hereinafter referred to as "IME") while other employees with disabilities did not have to submit themselves to such IMEs.

14. For example, in or about June, 2019, with the CITY's knowledge, direction and approval, an IME report was submitted by Dr. Peter Orris that TURNEY was not under any stress even though Dr. Orris never examined her and could not provide any detailed examination results.

15. The CITY was aware of the false IME report prepared by Dr. Orris especially since TURNEY testified on or about August 28, 2019 to the false examination by Dr. Orris.

16. Even though TURNEY requested from the CITY not to be subjected to any further special IMEs, the CITY disregarded her request and in January, 2020, TURNEY received a letter stating that she must attend another special IME.

17. On or about February 17, 2020, TURNEY went in for that IME.

18. Dr. Vender, who conducted the IME, indicated to TURNEY that she was in severe emotional distress and disabled.

19. In May, 2021, TURNEY's doctor wrote a letter requesting that she be excused from any further exams with the CITY until she was cleared by medical staff.

20. Despite her doctor's request, the CITY ignored that request.

21. In June, 2021, TURNEY was advised that she needed to report to the University of Illinois-Chicago for a yearly disability visit at Dr. Orris' office.

22. Instead of being subjected to her yearly visit, TURNEY was subjected to another special IME.

23. While there, TURNEY asked the doctor to read her doctor's note stating that she was not supposed to be going to these special IME appointments due to her mental health.

24. Dr. Suzanne Buchanan, who performed the special IME, indicated that she had read the letter and, nevertheless, proceeded to examine TURNEY.

25. The CITY's constant subjecting of TURNEY to special IMEs was done with the intent that TURNEY would retire from the Chicago Police Department when it knew that TURNEY had no intent to retire.

26. The CITY has, therefore, violated the Americans with Disabilities Act by discriminating against TURNEY because of her disability.

27. On or about December 26, 2019, TURNEY filed a charge of discrimination with the Equal Employment Opportunity Commission.

28. On May 11, 2021, the Equal Employment Opportunity Commission issued TURNEY a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

29. Less than ninety days have expired since TURNEY's receipt of the notice of right to sue.

30. The CITY's violation of TURNEY's rights under the Americans with Disability Act has caused her pecuniary damages.

WHEREFORE, the Plaintiff MICHELLE TURNEY requests that this Court enter judgment in her favor and against the Defendant CITY OF CHICAGO as follows:

i. Enjoining the CITY from engaging in such unlawful employment practices as alleged in this amended complaint.

ii. Awarding TURNEY compensatory damages in an amount authorized under the Americans with Disabilities Act.

iii. Awarding TURNEY attorney's fees and pre-judgment interest.

iv. Awarding TURNEY such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-2. TURNEY repeats, realleges and incorporates by reference paragraphs 2 and 3 of Count I as paragraphs 1 and 2 of Count II.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this district.

5-9. TURNEY repeats, realleges and incorporates by reference paragraphs 7 through 11 of Count I as paragraphs 5 through 9 of Count II.

10. Commencing in 2019 and continuing to present, the CITY began to continually inflict emotional distress on TURNEY.

11-12. TURNEY repeats, realleges and incorporates by reference paragraphs 14 and 15 of Count I as paragraphs 11 and 12 of Count II.

13. In January, 2020, TURNEY received a letter stating that she must attend another independent medical examination ("IME").

14. TURNEY appealed to Executive Director Erin Keane, contested whether she had to go to this exam, and reiterated that the basis for this medical exam was a fictitious report prepared by ORRIS.

5

15. In January, 2020, TURNEY advised Ms. Keane that she could not undergo another special IME. Instead, she offered to go for a psychological evaluation.

16. At the end of January, 2020, Ms. Keane advised TURNEY that she still had to go for a special IME even though her suggestion of a psychological examination was approved.

17. On or about February 17, 2020, TURNEY went for her special IME.

18. Dr. Vender, who conducted the IME, indicated to TURNEY that she was in severe emotional distress and disabled.

19-24. TURNEY repeats, realleges and incorporates by reference paragraphs 19 through 24 of Count I as paragraphs 19 through 24 of Count II.

25. Despite TURNEY's requests, the CITY would not send her for a psychological evaluation.

26. The CITY engaged in this conduct with the intent that it would cause severe emotional distress and that there would be a high probability that their conduct would cause TURNEY to suffer such emotional distress.

27. As a direct and proximate result of the CITY's conduct, TURNEY has been diagnosed with severe post-traumatic stress disorder.

WHEREFORE, the Plaintiff MICHELLE TURNEY requests that this Court enter judgment in her favor and against the Defendant CITY OF CHICAGO and award her compensatory damages in an amount to be determined at trial, costs and such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ Joel F. Handler
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
MICHELLE TURNEY

7