## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Michelle Turney, | | |
| | Plaintiff, | Case No.: 21 cv 04205 |
| v. | | Hon. Robert W. Gettleman<br>District Judge |
| The City of Chicago, | | |
| | Defendant. | Hon. Jeffrey Cole<br>Magistrate Judge |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant, City of Chicago ("the City") through its attorney, Celia Meza, Corporation Counsel for the City of Chicago, states the following in support of its motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

### I.     Introduction

Plaintiff is a Police Sergeant with the Chicago Police Department (CPD) who has been on an approved disability leave of absence since November 25, 2014. Her disability benefits are administered by the Board of Trustees of the Policemen's Annuity and Benefit Fund of Chicago ("PABFC")- a distinct legal entity that is not part of City government. The Illinois state statute governing disability benefits for injured police officers mandates that disabled officers undergo annual medical evaluations in order to maintain their disability benefits. Plaintiff wishes to be exempted from these compulsory medical evaluations so she filed a charge of discrimination against the **PABFC** with the Equal Employment Opportunity Commission ("EEOC") in December 2019. In May 2021, Plaintiff received her right to sue against the **PABFC**, and, rather than suing the PABFC, filed suit against the City. In September 2021, the undersigned counsel alerted Plaintiff's attorney that he had named the wrong party. Rather than dismissing the City, Plaintiff filed an Amended Complaint (AC) alleging the medical evaluations violate the Americans with Disabilities

Act (42 U.S.C. § 12101, *et seq.*, (("ADA")) (Count I) and constitute Intentional Infliction of Emotional Distress (IIED) (Count II). AC, Dkt. 17.

The Court should dismiss Count I of Plaintiff's AC with prejudice for several reasons. First, Plaintiff cannot rely on her right to sue letter regarding her December 13, 2019 charge against the PABFC to file suit against the City. Second, all the alleged adverse actions Plaintiff challenges in her Amended Complaint have not been administratively exhausted as they occurred after she filed her 2019 charges of discrimination. Third, because Plaintiff admits that she cannot perform her job functions, she is not a "qualified person" under the ADA, and thus cannot allege disability discrimination. Fourth, Plaintiff has failed to plausibly state a cause of action for ADA discrimination against the City.

The Court should dismiss Count II of Plaintiff's AC (IIED claim) because it is inextricably linked with her disability discrimination claims and thus preempted by the Illinois Human Rights Act (IHRA). Additionally, Plaintiff fails to state a cause of action for IIED against the City because the PABFC is the entity who engaged in the alleged misconduct and requiring Plaintiff to undergo medical evaluations is not extreme or outrageous conduct as defined by Illinois common law.

## II.     Background

### A.     Plaintiff's employment history and alleged disability

Plaintiff is a police sergeant with the CPD. Plaintiff alleges she was injured on the job on May 8, 2013 and has been unable to perform her job duties since then. Plaintiff's AC, Count I, ¶8[1]. Plaintiff alleges she was approved for full disability benefits on November 25, 2014. *Id.* Count I, ¶9.

---

[1] In her AC, Plaintiff restarts paragraph numbering at no. 1 in Count II, so the City refers to both count number and paragraph number in its motion.

**B.      Policeman's Annuity and Benefit Fund of Chicago ("PABFC")**

The PABFC is not part of the City but is a distinct entity that was created by Illinois statute.
40 ILCS 5/5-178 ("Board Created"). The PABFC is capable of being named as a defendant in
litigation. *See De Jesus v. Policemen's Annuity & Benefit Fund of City of Chicago*, 2019 IL App (1st) 190486,
¶ 7, n. 1 (recognizing that the PABFC's Board is the proper defendant in a suit challenging propriety
of disability determinations for CPD officers); *see also Keeling v. Bd. of Trustees of Forest Park Police
Pension Fund*, 2017 IL App (1st) 170804, ¶ 36 ("A municipality and a pension board are two separate
entities") (quoting *Eschbach v. McHenry Police Pension Board*, 2012 IL App (2d) 111179, ¶ 25)).

The PABFC is responsible for determining whether CPD officers have been disabled in the
line of duty and pays duty disability benefits to disabled CPD officers. 40 ILCS 5/5-154 ("Duty
disability benefit; child's disability benefit.") Officers receiving duty disability benefits are required by
Illinois statute to provide proof of disability at least once a year. 40 ILCS 5/5-156 ("Proof of
disability - Physical examinations.") And "when disability ceases, the board shall discontinue
payment of the benefit, and the policeman shall be returned to active service." *Id.* Part of the proof
of disability is an annual examination by a PABFC-appointed physician. *Id.* Also, the PABFC is
permitted to "require other evidence of disability." *Id.*

**C.      Alleged discrimination and emotional distress**

Plaintiff alleges that between June 2019 and the present, she had been required to undergo
multiple independent medical evaluations and that these medical evaluations constitute disability
discrimination. AC, Count I, ¶13. Although Plaintiff alleges that it was the City that required her to
undergo these medical evaluations, Plaintiff only identifies PABFC agents (PABFC Board Physician

Dr. Peter Orris[2] and PABFC Executive Director Erin Keane[3] (AC, Count I, ¶¶14-25, Count II,

¶¶14-16)) as alleged discriminators. She does not identify any City employees or agents as having

taken any adverse actions against her. Plaintiff also alleges that having to undergo independent

medical evaluations, as required by Illinois statute, constitutes IIED. AC, Count II, ¶¶10-26.

**D.      History of Charge 21B-2020-00414 (PABFC only respondent named)**

Plaintiff alleges she exhausted her administrative remedies by filing a charge with the EEOC

and receiving a "notice of right to sue," referring to Exhibit A of her Complaint. Exhibit A to the

AC is a May 11, 2021 "Dismissal and Notice of Rights." (Dkt. 1-1). The Charge of Discrimination

which resulted in the attached Dismissal is attached to this Motion as Group Exhibit 2.[4] In the

December 13, 2019 EEOC Charge, Plaintiff alleges the **PABFC** (and not the City) discriminated

against her based on her age, sex and disability and retaliated against her by "constantly scheduling

[Plaintiff] for a hearing to determine [Plaintiff's] eligibility for disability benefits." (Ex 2, pp. 4-5).

---

[2] Dr. Peter Orris is the PABFC's Board Physician. *See* Meeting Minutes from the PABFC February 2020 meeting attached hereto as Exhibit 1, p. 3, naming Dr. Peter Orris as "Board Physician." under "Staff and Consultants." The City asks that the Court take judicial notice of the meeting minutes as they are public records. *See Weiler v. Vill. of Oak Lawn*, 86 F. Supp. 3d 874, 883 n. 2 (N.D. Ill. 2015)(taking judicial notice of a public body's meeting minutes on a Fed. R. Civ. P. 12(b)(6) motion noting "[t]he Court can take judicial notice of [the meeting minutes] without converting a motion to dismiss into a motion for summary judgment if they are public records" (citing *Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 493 (7th Cir.2011)).

[3] The Amended Complaint references Executive Director Erin Keane, but does not list her affiliation. Keane is the Executive Director of the PABFC. *See* Ex. 1, p. 3, under "Board Members" Erin Keane is listed as Executive Director in the PABFC's meeting minutes. *See also* the Policemen's Annuity and Benefit Fund of Chicago's website listing Erin Keane as Executive Director of the Board of Trustees for the PABFC: https://chipabf.org/wp-content/uploads/2021/12/Staff-Directory.pdf (retrieved February 4, 2022). The City requests the Court take judicial notice of the PABFC website. *See Clear Spring Property and Casualty Co. v. Victory Ins. Co.*, 21-CV-01162, 2021 WL 4502219, at *6 (N.D. Ill. Oct. 1, 2021)(the Court may properly take judicial notice of "information published on government websites" without converting a Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment)(citing *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012)(judicial notice does not convert motion to dismiss to motion for summary judgment); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003)(collecting cases on propriety of taking judicial notice of government websites)).

[4] The City requests the Court take judicial notice of the documents related to that charge which are attached as Exhibit 2. *Donald v. City of Chicago, et al.*, 20 C 6815, 2021 WL 1946335, at *4 (N.D. Ill. May 14, 2021) (taking judicial notice of Plaintiff's charge filed with the EEOC) (*citing McGee v. United Parcel Serv., Inc.*, No. 01 C 9099, 2002 WL 449061, at *2 (N.D. Ill. Mar. 22, 2002)).

The Charge does not name the City as respondent, and the City was not copied on any correspondence from the EEOC or IDHR regarding this charge. (*See Id.* pp. 9, 10, 14, 15, 16 (EEOC and IDHR communications to Plaintiff copy PABFC but do not reference the City)).

### III. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

### IV. Argument

**A. Plaintiff's ADA claim (Count I) fails.**

**1. Plaintiff cannot rely on Right to Sue letter against the PABFC to sue the City.**

Under the ADA, before filing suit "a plaintiff in Illinois must file an employment discrimination charge with the EEOC within 300 days after the alleged unlawful employment practice occurred." *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004)(holding the ADA, 42 U.S.C. § 12117(a), adopts and incorporates Title VII's 300-day deadline for filing EEOC charge. 42 U.S.C. § 2000e–5(e)(1)). Here, Plaintiff filed a charge of discrimination against the PABFC and received a right to sue letter against the PABFC in May 2021, but sued the City, a

completely different governmental entity than the PABFC. *Keeling*, 2017 IL App (1st) 170804, ¶ 36 ("A municipality and a pension board are two separate entities") (quoting *Eschbach*, 2012 IL App (2d) 111179, ¶ 25)). The Charge clearly identifies the PABFC as the entity which allegedly engaged in a series of discriminatory acts. Ex. 2, p. 3. Specifically, Plaintiff, in her charge, alleges the "Respondent's Board is constantly scheduling [Plaintiff] for a hearing to determine [her] eligibility for disability benefits." *Id.*, p. 4. The PABFC, not the City, is the proper defendant. The undersigned counsel made Plaintiff's attorney aware of this in September 2021, but Plaintiff has continued to press her claims against the City, the wrong entity. The Court should dismiss Count I of Plaintiff's AC as it is premised on a right sue a third party- not Defendant.

### 2. Plaintiff failed to administratively exhaust alleged acts of discrimination that occurred after December 2019.

Plaintiff filed her EEOC charge on December 13 2019. (Ex. 2, p. 2). In her AC, Plaintiff alleges that some of the ADA violations occurred in 2020 and 2021. AC, Count I, ¶¶17-24. As these events occurred after the filing of the EEOC charge, they are necessarily outside of the scope of her charge. *Conner v. Illinois Dept. of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005)(finding it "impossible to describe the conduct related to [the plaintiff's] December 2002 non-promotion in her EEOC charges dated November 1, 2002.") Thus, the alleged discriminatory acts that occurred after December 19, 2019 should be dismissed as being outside of the scope of Plaintiff's charge.

### 3. Plaintiff is not a "qualified individual" under the ADA.

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability." 42 U.S.C.A. § 12112(a). The ADA defines a "qualified individual" as a person "who with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8). Plaintiff alleges that since her May 8, 2013 injury she has been "unable to perform her [job] duties." (AC, Count I, ¶8). She also alleges that she will "never recover from her disability." (*Id.*, Count I, ¶10). Plaintiff has

thus pled herself out of Court, as she admits that she cannot perform her job duties. "An employee who needs long-term medical leave *cannot* work and thus is not a 'qualified individual' under the ADA." *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 479 (7th Cir. 2017)(emphasis in original)(citing *Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003)). "[T]he ADA applies only to those who can do the job." *Severson*, 872 F.3d at 481 (quoting *Byrne*, 328 F.3d at 381).

4.    **Plaintiff fails to state a plausible cause of action against the City as all of alleged discriminators are PABFC agents or employees.**

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934-35 (7th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Here, Plaintiff has no well-pleaded facts that would allow for a reasonable inference the City discriminated against her in violation of the ADA.

As explained *supra*, in sections II.B. and II.C., the PABFC and the City are two distinct entities. Pursuant to Illinois law, the PABFC, not the City, is responsible for determining whether a CPD officer is disabled and whether that disability is duty connected. *See* 40 ILCS 5/5-178 ("Board Created"); 40 ILCS 5/5-154 ("Duty disability benefit; child's disability benefit"); 40 ILCS 5/5-156 ("Proof of disability - Physical examinations.") Additionally, the allegation that the City required Plaintiff to undergo an IME is contradicted by Plaintiff's own EEOC charge. Ex. 2, pp. 4-5 (claiming the PABFC's board (not the City) discriminated against Plaintiff by "constantly scheduling [Plaintiff] for a hearing to determine [Plaintiff's] eligibility for disability benefits.") Additionally, while Plaintiff alleges the City has ordered Plaintiff to submit to IMEs, this allegation is not plausible, because, as a matter of Illinois law, the PABFC is required to have physicians conduct annual examinations to determine if a CPD member is still disabled and entitled to disability benefits. 40 ILCS 5/5-156. Accordingly, as the PABFC and its agents are alleged to have committed all of the acts that form the basis of Plaintiff's claim, the City should be dismissed from this action.

**B.      Plaintiff's IIED Claim (Count II) fails.**

     **1.      Plaintiff's IIED Claim is preempted by the IHRA**

The IHRA clearly states: "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8–111(C). Courts in this District have repeatedly held the IIED claims premised on allegations of civil rights violations are preempted by the IHRA. *Segura v. TLC Learning Ctr.*, 12 C 7020, 2013 WL 1283827, at *7 (N.D. Ill. Mar. 26, 2013)(holding that "[b]ecause plaintiff's IIED claim is inextricably linked to her claims of FMLA, disability, and race discrimination, it is preempted by the IHRA"); *see Stansberry v. Uhlich Children's Home*, 264 F.Supp.2d 681, 690 (N.D. Ill. May 21, 2003) (IIED claims barred by IHRA where they were inextricably linked to Title VII claims); *Harrington–Grant v. Loomis, Fargo & Co.*, 2002 WL 47152, at *5 (N.D. Ill. Jan.11, 2002) (IIED claims barred by IHRA where they were inextricably linked to Title VII and FMLA claims). Plaintiff's IIED claim relies on the same allegations of misconduct as her ADA claim – being required to undergo annual medical evaluations in order to keep her disability benefits, and thus is preempted by the IHRA.

     **2.      Plaintiff fails to state a plausible cause of action against the City for IIED**

To establish a *prima facie* case for intentional infliction of emotional distress (IIED) under Illinois law, a plaintiff must show: (1) that the defendant's conduct "was truly extreme and outrageous," (2) that "the defendant intended to inflict severe emotional distress," and (3) that "the defendant's conduct did in fact cause severe emotional distress." *Marski v. Courier Express One, Inc.*, 19 CV 4132, 2021 WL 4459512, at *12 (N.D. Ill. Sept. 29, 2021)(quoting *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017)).  But "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," do not constitute extreme and outrageous conduct for the purposes of an IIED claim. *Id.* (quoting *Boston v. U.S. Steel Corp.*, 816 F.3d 455, 467 (7th Cir. 2016) (add'l citations

omitted). To determine whether conduct is extreme and outrageous, courts use "'an objective standard based on all the facts and circumstances of a particular case.'" *Id.* (quoting *Richards*, 869 F.3d at 567 (add'l citations omitted). The Seventh Circuit has noted "there is general hesitation to find intentional infliction of emotional distress in the workplace because, if everyday job stresses resulting from discipline, personality conflicts, job transfers or even terminations could give rise to a cause of action for intentional infliction of emotional distress, nearly every employee would have" an actionable IIED claim. *Richards*, 869 F.3d at 567.

As noted *supra* in section IV.A.4., Plaintiff has alleged PABFC's agents and employees have required her to repeatedly undergo independent medical evaluations as a condition of her continued receipt of disability benefits. Being required to undergo medical evaluations cannot be extreme and outrageous conduct as they are a statutory prerequisite Plaintiff must meet if she wishes to continue receiving disability benefits. *See* 40 ILCS 5/5-156 ("Proof of disability - Physical examinations.") Thus, even if Plaintiff had alleged a City agent or employee had required the independent medical evaluations (she has not), she has not alleged any extreme or outrageous conduct. Accordingly, the Court should dismiss Plaintiff's IIED claim with prejudice.

## V. Conclusion

The City respectfully requests this Honorable Court enter an order dismissing the City of Chicago from this action with prejudice.

Dated: February 14, 2022

Respectfully submitted,

CELIA MEZA
Corporation Counsel of the City of Chicago

By: /s/ *Scott Crouch*
Scott Crouch
Assistant Corporation Counsel

City of Chicago- Department of Law
Employment Litigation Division
2 N. LaSalle St., Ste. 640

Chicago, IL 60602
(312) 744-8369
Scott.Crouch@cityofchicago.org

Counsel for Defendant City of Chicago